## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY GRAYSON,                                )
                                                )
                 Petitioner,                    )
                                                )
v.                                              )        Case No. CIV-23-857-PRW
                                                )
CARRIE BRIDGES, Warden,                         )
                                                )
                 Respondent.                    )

## ORDER

Before the Court are Magistrate Judge Suzanne Mitchell's Report and Recommendation (Dkt. 17) and Petitioner's Objection (Dkt. 18). For the reasons discussed below, the Court **ADOPTS** the Report and Recommendation (Dkt. 17) and **DENIES** Petitioner's habeas Petition (Dkt. 1).

### *Background*

Petitioner, a state prisoner appearing pro se, challenges his state court convictions. Petitioner was convicted in the District Court of Oklahoma County, Oklahoma on three counts: burglary in the first degree; malicious injury and destruction of property; and threatening to perform an act of violence. Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his convictions. Petitioner then applied for post-conviction relief. The state district court denied Petitioner's application, and the OCCA affirmed that denial. This action followed.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on three grounds: (1) a *Batson* violation; (2) a *Powell* violation; and (3) ineffective assistance of

1

counsel (Dkt. 1). Judge Mitchell analyzed each ground for relief and concluded that the Court should deny the Petition on all grounds. Petitioner timely filed an Objection to the Report and Recommendation, so the Court reviews all properly objected to portions of Judge Mitchell's Report and Recommendation *de novo*.[1] An objection is "proper" if it is both timely and specific.[2] Because Petitioner is pro se, the Court construes his objections liberally without serving as his advocate.[3]

### *Legal Standard*

This Court's review is governed by the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, habeas relief may be granted only if the state court's adjudication of the issues on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented."[4] "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[5] This Court's review of OCCA's determinations is thus highly deferential.[6]

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[3] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] 28 U.S.C. § 2254(d)(1)–(2).

[5] *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

[6] *See id.* at 102–03.

*Analysis*

Petitioner solely objects to portions of Judge Mitchell's analysis regarding his *Batson* claim. During the voir dire portion of Petitioner's trial, the prosecutor exercised two peremptory strikes on potential African American jurors. As its race-neutral reasons for doing so, the prosecutor stated that she struck one of the potential jurors, C.D., because of her prior jury service,[7] and the other, A.F., because of some statements he had made in response to questioning by defense counsel.[8] Petitioner asserts that the prosecution violated *Batson* because it struck the only two black prospective jurors from the jury pool without valid race neutral reasons for doing so. On direct review of this claim, the OCCA concluded that the prosecutor provided race-neutral reasons for the strikes, and that the trial court's decision to permit the strikes over Petitioner's objections was not clearly erroneous. Judge Mitchell concluded that the OCCA's determinations were not unreasonable.

Petitioner's Objection first argues that Judge Mitchell's analysis "misapplied precedent."[9] Specifically, Petitioner argues Judge Mitchell's reliance on two Eighth Circuit cases, *Williams v. Goose*[10] and *United States v. Ali*,[11] was erroneous because the cases are factually distinguishable. But Judge Mitchell did not rely on these cases for their factual

---

[7] Tr. Vol. I (Dkt. 13-2), at 138.

[8] *Id.* at 141–42.

[9] Pet'r's Obj. (Dkt. 18), at 2.

[10] 77 F.3d 259 (8th Cir. 1996).

[11] 63 F.3d 710, 713 (8th Cir. 1995).

similarity.[12] Rather, Judge Mitchell cited to *Dobbins v. Carlson*, a District Court of Minnesota case, which in turn relied on *Williams* and *Ali*, as support for the proposition that a juror's possible sympathy to the defendant can constitute a valid, race-neutral reason for striking them.[13] And here, in response to a question by defense counsel, the juror stated that he hoped that Petitioner was not guilty, that if Petitioner has a family, "he would want to be with his family, his kids and everything," and that "if he's not right, [A.F. was] going to have to pray for him, hoping for the right thing."[14] The prosecutor argued that these statements were the race-neutral reason for striking the juror.[15] The OCCA concluded that this was a race-neutral reason, and that determination was not unreasonable because a perceived sympathy or bias to the defendant can constitute a valid, race-neutral reason.[16]

Petitioner next summarily argues that "the R&R . . . concluded that Petitioner failed to establish pretext, without providing the legal support for its conclusion."[17] But this

---

[12] While Petitioner refers to *Williams* in his Objection, the factual background he sets forth is that of *Dobbins v. Carlson*, No. CIV. 08-21 (RHK/RLE), 2008 WL 5169531 (D. Minn. Dec. 9, 2008). *See* Pet'r's Obj. (Dkt. 18), at 2. This, however, has no bearing on the Court's analysis.

[13] *See Dobbins*, 2008 WL 5169531, at *12 (citing *Williams*, 77 F.3d at 261–62; *Ali*, 63 F.3d at 713).

[14]  Tr. Vol. I (Dkt. 13-2), at 103.

[15] *Id.* at 141–42.

[16] *See* R. & R. (Dkt. 17), at 15–16; *Jackson v. Williams*, 141 F. App'x 725, 726 (10th Cir. 2005) (affirming a district court's denial of habeas relief on *Batson* claim when a juror's perceived sympathy and bias towards the defendant was the prosecution's race-neutral reason for striking the juror); *see also Rice v. Collins*, 546 U.S. 333, 338 (2006) ("The second step of this process does not demand an explanation that is persuasive, or even plausible.").

[17] Pet'r's Obj. (Dkt. 18), at 3.

objection is without merit. As explained by Judge Mitchell, the trial court's determination at *Batson's* step three is "a finding of fact" entitled to "great deference on appeal."[18] So on direct appeal, a court should only overturn the trial court's decision if it was "clearly erroneous."[19] And on habeas review, "a federal habeas court can only grant [a petitioner's] petition if it was unreasonable to credit the prosecutor's race-neutral explanations for the *Batson* challenge."[20] Judge Mitchell's Report and Recommendation thoroughly explained over four pages how it was not unreasonable for the OCCA to conclude that the trial court did not clearly err in crediting the prosecution's race-neutral reasons at *Batson's* step-three in light of the evidence in the record.[21] And upon *de novo* review, the Court concurs with Judge Mitchell's analysis.

### Conclusion

Thus, upon *de novo* review of the objected to portions of the Report and Recommendation, the Court agrees with Judge Mitchell's analysis and conclusions. Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 17) in full; and **DENIES** the habeas Petition (Dkt. 1).

Before a habeas petitioner may appeal the denial of a section 2254 petition, he must obtain a Certificate of Appealability ("COA").[22] A COA may issue only upon "a substantial

---

[18] *Hernandez v. New York*, 500 U.S. 352, 364 (1991) citing *Batson*, 476 U.S. at 98 n.21).

[19] *Id.* at 369.

[20] *Rice*, 546 U.S. at 338.

[21] *See* R. & R. (Dkt. 17), at 13–17; *see also* 28 U.S.C. § 2254(d)(2).

[22] *Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)).

showing of the denial of a constitutional right."[23] "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[24] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[25] Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.

  **IT IS SO ORDERED** this 12th day of June 2025.


               _____

               PATRICK R. WYRICK
               UNITED STATES DISTRICT JUDGE

---

[23] § 2253(c)(2).

[24] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[25] *Id.*